NO. 07-03-0092-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 24, 2003
_____

DAMON SCOTT SHRAUNER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;

NO. 98,683-2; HON. WILLIAM C. DODSON, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Damon Scott Shrauner (appellant) appeals his conviction for assault. The clerk's record was filed on March 14, 2003, and the supplemental clerk's record on March 27, 2003. The reporter's record was filed on March 31, 2003. Thus, appellant's brief was due on April 30, 2003. However, one was not filed on that date. Counsel for appellant moved

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

for an extension of time to file the brief on April 28, 2003, which extension was granted to May 30, 2003. However, the brief was not filed on that date either. On June 9, 2003, this Court notified counsel for appellant that neither the brief nor an extension of time to file appellant's brief had been filed. Counsel for appellant was also admonished that if appellant's brief was not filed by June 19, 2003, the appeal would be abated to the trial court. That date has lapsed, and appellant still has yet to file a brief.

Consequently, we abate this appeal and remand the cause to the County Court at Law No. 2 of Potter County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent and entitled to appointed counsel; and,

3. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey,* 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, and has been denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's

2

findings of fact and conclusions of law.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before July 24, 2003.  Should additional time be needed to perform these tasks, the trial court may request same on or before July 24, 2003.

It is so ordered.

Per Curiam

Do not publish.